
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GINA MARIA CROFT,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

Defendant-Appellee.

No.   15-35239

D.C. No. 3:13-cv-01625-AC

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Submitted March 23, 2018 **
San Francisco, California

Before:  FARRIS, CANBY, and LEAVY, Circuit Judges.

Gina Croft appeals the district court's decision affirming the Commissioner

of Social Security's denial of Croft's application for supplemental security income

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 736 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ identified specific, clear and convincing reasons that are supported by substantial evidence for discounting Croft's credibility regarding the debilitating effects of her symptoms: (1) her statements were inconsistent with the medical evidence of record and her work activity; and (2) and treatment for headaches was infrequent. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (holding that an ALJ can consider a lack of supporting medical evidence when assessing credibility); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (holding that continued work undermines disability); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (quoting SSR 96–7p: "the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints").

The ALJ properly gave significant weight to the opinion of Dr. Nolan because it was consistent with his examination of Croft. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). However, the ALJ properly did not incorporate Dr. Nolan's opined limitations involving bending, twisting, turning, pushing, and pulling because it was inconsistent with Croft's longitudinal record.

The ALJ gave germane reasons for discounting physical therapist Ms. Deal's opinion because her opinion that Croft could rarely squat or climb stairs and should avoid strenuous walking due to her hypertension was inconsistent with evidence that Croft has not been symptomatic since her application date of 2010. The ALJ also properly noted that Croft's medical records both before and after Ms. Deal's August 2004 examination differed significantly from Ms. Deal's findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (holding that an inconsistency with the medical record is a germane reason to discount the opinion of a non-acceptable medical source). Moreover, the ALJ properly found that Croft's work activity from 2005-06 undermined Ms. Deal's 2004 opinion.

The ALJ properly gave little weight to physical therapist Ms. Kershaw's opinion because it was internally inconsistent and inconsistent with other examinations in the record. *Bayliss*, 427 F.3d at 1218.

The ALJ gave a germane reason for assigning only "some weight" to the lay witness Tina Croft because her opinion regarding Croft's abilities to walk, stand, bend, or climb stairs was inconsistent with imaging results and objective evidence in the record, which is a germane reason for discrediting lay testimony. *Bayliss*, 427 F.3d at 1218.

At Step 4, the ALJ properly found Croft was capable of performing her past relevant work of gas station attendant as actually performed, which she performed at an exertional level of light. This Court need not address the ALJ's alternative finding at Step 5 that Croft can perform the full range of both sedentary and light jobs because the ALJ properly determined at Step 4 that Croft could return to her past relevant work as actually performed.

**AFFIRMED.**